IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED

SEP 2 8 2018

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

David Anthony Crempa,

(Enter the full name of the plaintiff.)

v.

CIV 18 -955 F

Case No. _____
(Court Clerk will insert case number)

(1) The City of Del City, Inc.;

(2) Mayor Brian E. Linley, Sr. (or predecessor(s))

(3) Del City Fire Dept. :

(Enter the full name of each defendant. Attach
additional sheets as necessary.)

## PRO SE ~~PRISONER~~ CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.    You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2.    You must provide a full name for each defendant and describe where that defendant resides or can be located.

3.    You must send the original complaint and one copy to the Clerk of the District Court.

4.    You must pay an initial fee of $400 (including a $350 filing fee and a $50 administrative fee). The complaint will not be considered filed until the Clerk receives the $400 fee or you are granted permission to proceed *in forma pauperis*.

5.    If you cannot prepay the $400 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case**.

7.     The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8.     If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

I.     **Jurisdiction is asserted pursuant to:**

X   42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) ~~(NOTE: these provisions generally apply to state prisoners);~~ or

~~Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 402 U.S. 388 (1971) and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)~~

If you want to assert jurisdiction under different or additional statutes, list these below: _Justice & Equality. Natural Law (Lex Naturae). Rights of Man & Common Sense. The Federalist Papers. Social Contract Theory._

II.  **State whether you are a:**

___ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

X Other (please explain) *Completely Free Citizen, Natural Born.*

III.  **Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

   a. Parties to previous lawsuit:

      Plaintiff(s):_____

      Defendant(s):_____

      _____

   b. Court and docket number:_____

   c. Approximate date of filing:_____

   d. Issues raised: _____

      _____

      _____

   e. Disposition (for example:  Did you win?  Was the case dismissed?  Was summary judgment entered against you?  Is the case still pending?  Did you appeal?): _____

      _____

   f. Approximate date of disposition: _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

**IV.   Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1.   Plaintiff

Name and any aliases: David Anthony Ciempa

Address: 1212 McGregor Dr, Midwest City, ~~Oklahoma City Del City~~ DC OK 73130

2.   Defendant No. 1

Name and official position: City of Del City, Inc.

Place of employment and/or residence: Del City, Oklahoma 73115 Municipality incorporated.

How is this person sued?  ( ) official capacity, ( ) individual capacity, (x) both

3.   Defendant No. 2

Name and official position: ~~City of Del City, Inc.~~ DC
Brian E. Linley, Sr.

Place of employment and/or residence: Mayor, City of Del City, Inc., Del City, Oklahoma 73115

How is this person sued?  ( ) official capacity, ( ) individual capacity, (x) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

V.      **Cause of Action**

Instructions

1.      *Provide a short and plain statement of each claim.*

- Describe the facts that are the basis for your claim.

- You can generally only sue defendants who were directly involved in harming you. Describe how each defendant violated your rights, giving dates and places.

- Explain how you were hurt and the extent of your injuries.

2.      *You are not required to cite case law.*

- Describe the constitutional or statutory rights you believe the defendant(s) violated.

- At this stage in the proceedings, you do not need to cite or discuss any case law.

3.      *You are not required to attach exhibits.*

- If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.



*Be aware of the requirement that you exhaust prison grievance procedures before filing your lawsuit.*

- If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. *See* 42 U.S.C. § 1997e(a).

- Every claim you raise must be exhausted in the appropriate manner.

5.      *Be aware of any statute of limitations.*

- If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations. For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.



Rev. 10/20/2015

DC

~~6.   Do not include claims relating to your criminal conviction or to prison
disciplinary proceedings that resulted in loss of good time credits.~~

- ~~If a ruling in your favor "would necessarily imply the invalidity" of a
criminal conviction or prison disciplinary punishment affecting the time
served, then you cannot make these claims in a civil rights complaint unless
you have already had the conviction or prison disciplinary proceeding
invalidated, for example through a habeas proceeding.~~   DC

<u>Claims</u>

List the federal right(s) that you believe have been violated, and describe what
happened.  Each alleged violation of a federal right should be listed separately as its own
claim.

1.   **Claim 1:**

    (1)   List the right that you believe was violated:

        *See Attached*

    (2)   List the defendant(s) to this claim:  (If you have sued more than one
defendant, specify each person or entity that is a defendant for this
particular claim.)

(3)     List the supporting facts:

*See attached*

_____

_____

_____

(4)     Relief requested:  (State briefly exactly what you want the court to
        do for you.)

_____

_____

_____

_____

2.     **Claim II:**

(1)     List the right that you believe was violated:

_____

_____

_____

_____

(2)     List the defendant(s) to this claim:  (If you have sued more than one
        defendant, specify each person or entity that is a defendant for this
        particular claim.)

_____

_____

_____

_____

Rev. 10/20/2015

(3)     List the supporting facts:

_See Attached_

_____

_____

_____

(4)     Relief requested:  (State briefly exactly what you want the court to
        do for you.)

_____  \\  _____  //  _____

_____

_____

_____

   If there are more than two claims that you wish to assert, describe the additional
claims using this same format on a separate sheet(s).


**VI.     Declarations**

   I declare under penalty of perjury that the foregoing is true and correct.


Plaintiff's signature   _David Anthony_
                         _Ciempa_                       Date   _Sept. 21, 2018_

~~I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _____ day of _____, 20___.~~

~~Plaintiff's signature~~                             ~~Date~~

Rev. 10/20/2015

Defendants, contd. :

(4) City Councilor ^member Michael Dean (or predecessor(s))
(5) City Councilor ^ Pam Finch      ( "            " )
(6) City Councilor ^ Ken Bartlett ( "           " )
(7) City Councilor ^ Floyd Eason ( "           " )
(8) Chief Jeff Keester (then) ( "          " )
(9) Major Zion Williams (then) ( "          " )

Parties to Current Lawsuit, contd. :

4.  Defendant No. 3   Del City Fire Department, Del City, Oklahoma 73115, sued in both official & individual capacities.

5.  Defendant No. 4   City Councilor ^Member Michael Dean (and/or his predecessor(s)), Del City, Oklahoma 73115, sued in both official & individual capacities.

6.  Defendant No. 5   City Councilor ^ Pam Finch (and/or her predecessor(s)), Del City, Oklahoma 73115, sued in both official & individual capacities.

7.  Defendant No. 6   City Councilor ^ Ken Bartlett (and/or his predecessor(s)), Del City, Oklahoma 73115, sued in both official & individual capacities

Parties to Current Lawsuit, contd.:

Member

8. Defendant No. 7  City Council Floyd Eason (and/or his predecessor(s)), Del City, Oklahoma 73115, sued in both official & individual capacities.

9. Defendant No. 8  (Then) Chief Jeff Keester (and/or his predecessor(s)), Del City, Oklahoma 73115, sued in both official & individual capacities.

10. Defendant No. 9 (Then) Major Zion Williams (and/or his predecessor(s)), Del City, Oklahoma 73115, sued in both official & individual capacities.

## Claims

1. CLAIM 1: Plaintiff's US Constitutional rights to fundamental fairness from State actors and to confront his accusers were violated, grossly and egregiously, with deliberate indifference, even, maliciously, when Lead Investigator, Major Zion Williams, at the direction and/or with the consent of his superior, Chief Jeff Keester, Del City Fire Department, determined that a fire that had broken-

3

Claims, contd.:

out on or around November 12, 14 and/or 15, 2015, at or by 4717 Elmview Dr., Del City, Oklahoma 73115, was intentionally started, as opposed to accidental cigarette butt theory, based upon a telephonic conversation with an unknown, unverified "witness," identified as Easton Gibbs and/or Patience Vaughn, both of whom refused to cooperate with local law enforcement agencies and/or officers of the court for the 7th Judicial District, State of Oklahoma, targeting Plaintiff as "prime suspect," culminating into CF-2015-8730, Oklahoma County District Court, State of Oklahoma, which was dismissed without prejudice ~~at the request of the State~~ on or about October 28, 2016. Moreover, neither Easton Gibbs nor Patience Vaughn made the emergency 9-1-1 call to authorities or was present when units arrived at said scene.

Liability, culpability and/or responsibility attach and/or extend to the City of Del City, Inc., its mayor, city council and fire department, for failing to properly and/or adequately train said actors and/or diligently oversee them, as well, grossly and egregiously, with deliberate indifference.

Sworn testimony given by Defendant Keester on or about January 29, 2016, in the Oklahoma County District Court, State of Oklahoma, as part of a preliminary examination by a preliminary magistrate for said criminal case, _supra_, affirms the foregoing claim.

Court must rule in favor of Plaintiff and enter judgment against Defendants in the form of declaratory relief and award damages in the amount of ten (10) million dollars, compensatory, nominal and/or punitive. Because of said highly unprofessional, illegal and/or unconstitutional determination (intentionally set fire), Plaintiff was subject to an investigation, criminal, that is, lead by a partial and biased, untrained fact finder, Defendant Williams; ultimately, arrested based upon misrepresentations of material fact by said Defendant causing Plaintiff to be deprived of his profession at the time, HVAC (Apprentice), and personal property, more or less. Needless to say, Plaintiff was subject to defamation of his character, libel and/or slander. Lastly, while detained criminally, Plaintiff was deprived of the opportunity to witness his two (2) daughters graduating high school, amounting to irreparable harms (Psychosomatic). Lastly, Plaintiff was deprived of his Woman (relationship).

2. CLAIM 2 : Plaintiff's US Constitutional right to fundamental fairness by a state actor was violated, grossly and egregiously, with deliberate indifference, even, maliciously, when Defendant Williams failed, and/or refused, to recuse himself from any part of investigating Plaintiff, because he had been in a prior (secret) romantic relationship with the very same person with whom Plaintiff at that time was in a romantic relationship, and, after his relationship with her, Plaintiff and her produced a child, which Defendant and her did not. Aside from this creating an unmistakable conflict of interest, it provided Defendant Williams an old opportunity axe to grind. Although Defendant Williams associated himself with Plaintiff in their high school years, he had known said person intimately since he was approximately seven (7) years old and she was five (5) years old, given that she was his younger sister's best friend. Furthermore, during said person's sophomore year of high school, Defendant Williams was her ride to school every morning, and, during that time and/or thereafter, she claims to have entered into sexual congress with him on more than one occasion. Thus, Defendant Williams was settling an old score.

Liability, culpability and/or responsibility attach or extend to Defendant Keester for failing to act accordingly, despite having knowledge thereof, and the City of Del City, Inc., its mayor, city council and fire department, for failing to properly and/or adequately train Defendants Keester & Williams and/or diligently oversee them, as well, grossly and egregiously, with deliberate indifference.

Sworn testimony given by Defendant Keester on or about January 29, 2016, in the Oklahoma Co. District Court, State of Oklahoma, as part of a preliminary examination by a preliminary magistrate for said criminal case, supra, CLAIM 1, affirming the foregoing claim.

Court must rule in favor of Plaintiff and enter judgment against Defendants in the form of declaratory relief and award damages in the amount of ten (10) million dollars, compensatory, nominal and/or punitive. Harm, see above CLAIM 1.

3. CLAIM 3: Plaintiff's US Constitutional

7

rights to fundamental fairness from state actors and to confront his accusers were violated, grossly and egregiously, with deliberate indifference, even, maliciously, when Defendants Keester & Williams made misrepresentations and/or omitted material facts while procuring an arrest warrant for Plaintiff from the Oklahoma County District Court, State of Oklahoma, namely, as follows:

1.) Said Defendants <u>never</u> formally interviewed (personally) Easton Gibbs and/or Patience Vaughn prior to presenting Judge ~~Cindy~~ Cindy Truong an affidavit implying such;

2.) Said Defendants failed to inform Judge Truong that their bottleneck with cloth evidence was "discovered" <u>after</u> three (3) searches <u>and</u> two (2) perimeter breaches by unknown persons (between each search) (compromising the integrity of the potential, even, fabricated, crime scene);

3.) Said Defendants averred to Judge Truong that their bottleneck with cloth evidence, and nothing else, was the cause of the fire, supra, CLAIM 1, because it was fueled by an "unknown accelerant," which was a falsity.

OSBI test results showed that said so-called evidence bore no trace of accelerant; latent and/or DNA testing were not requested; and

4.) Said Defendants failed to name the "witness," namely, Donna Spegal, an alleged third party witness who claims Plaintiff confessed to her in the presence of her daughter, Tracey Crall, that he perpetrated the so-called arson minutes/hours after the ~~DC~~ fire, when presenting Judge Truong an affidavit referencing Mrs. Spegal anonymously. Additionally, Ms. Crall contacted Plaintiff's counsel for CF-2015-8730, Kimberly Miller, Oklahoma County Public Defender's Office, State of Oklahoma, to inform her that Defendants Keester & Williams, with the assistance of Mrs. Spegal, coerced, with undue influence, also, Ms. Crall's statement corroborating her mother's claims. Moreover, Ms. Crall is the person referred to in CLAIM 2, supra, as the romantic partner mutual.

Liability, culpability and/or responsibility attach or extend to the City of Del City, Inc., its mayor, city council and fire department, for failing to properly and/or adequately train

Defendants Keester & Williams and/or diligently oversee them, as well, grossly and egregiously, with deliberate indifference.

Arrest warrant affidavit filed CF-2015-8BD and annexed to Information to said criminal case, Oklahoma County District Court, State of Oklahoma; Sworn testimony given by Defendant Keester on or about January 29, 2016, in Okla. Co. Dist. Ct., State of Okla., during a preliminary proceeding for said criminal case, _supra_, CLAIM 1, both, affirming the foregoing claim.

Court must rule in favor of Plaintiff and enter judgment against Defendants, in the form of declaratory relief and award damages in the total amount of forty (40) million dollars, ten (10) million for each of the four (4) above sub-claims of claim 3, compensatory, nominal and/or punitive. *Plaintiff, because of said unprofessionally, illegally and/or unconstitutionally obtained arrest warrant, was subject to televised news broadcasts besmirching his name and a (on or about 11/24/2015) "coon hunt" where law enforcement agents surrounded the home Plaintiff inhabited or occupied while his *Also, after his arrest, Plaintiff's common law Wife, Tracey Crall, by fear from Defendants, was turned against him.

niece, Serenity, a minor child, also, who inhabited or occupied said home, was present, resulting, in a stand-off situation, when Plaintiff was dragged from underneath said home hours after the contrived situation began, especially, because local law enforcement agencies failed, even, refused/refrained, giving fair notice that in fact a warrant for Plaintiff's arrest was issued. <u>Harm</u>, see above CLAIM 1.

Also, Defendants are accountable, each and every, jointly and severally for CLAIMS I, II & III. <u>Note</u>: Defendants Nos. 1-9 only.

Plus, Plaintiff's US Constitutional right to be free from unreasonable searches and/or **seizures** was violated, grossly and egregiously, with deliberate indifference, even, maliciously, when Defendants Keester & Williams made omissions and/or committed the acts complained of CLAIM 3, above. ~~[struck through text]~~ DC

~~[struck through text]~~

DC

## Part II

Defendants, contd.:

(10) Oklahoma County, Inc.
(11) Oklahoma County Commissioner Willa Johnson
(12) Oklahoma County Commissioner Brian Maughan
(13) Oklahoma County Commissioner Ray Vaughn
(14) Office of Oklahoma County District Attorney
(15) Oklahoma County District Attorney David W. Prater
(16) Oklahoma Co. Assistant D.A. B. Brown
(17) Oklahoma Co. Assistant D.A. Robinett

    Note: "And/or predecessor(s)" applies to Defendants
        Nos. 11-13 & 15-17.

Parties to Current Lawsuit, contd.:

11. Defendant No. 10 Oklahoma County, Inc.,
Oklahoma City, OK 73102, sued in both official &
individual capacities.

12. Defendant No. 11 Willa Johnson, County
Commissioner, Okla. Co., OKC, OK 73102, sued in
both official & individual capacities.

13. Defendant No. 12 Brian Maughan, County

Parties to Current Lawsuit, Part II, contd.:

Commissioner, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

14. Defendant No. 13 Ray Vaughn, County Commissioner, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

15. Defendant No. 14  Office of District Attorney, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

16. Defendant No. 15 David W. Prater, District Attorney, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

17. Defendant No. 16  Assistant B. Brown, District Attorney, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

18. Defendant No. 17 Assistant Robinett, District Attorney, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

Claims, contd.

13

Claims, Part II, contd.:

4.  CLAIM 4:  Plaintiff's *US Constitutional rights to fundamental fairness from State actors, to be free from unreasonable searches and/or seizures and/or to confront his accusers were violated, grossly and egregiously, with deliberate indifference, even, maliciously, when Defendants B. Brown & Robinett, at the direction and/or with the consent of their superior, Oklahoma County District Attorney David W. Prater, State of Oklahoma, committed acts of misfeasance, even, malfeasance, and/or refused/refrained from acting, while investigating, criminally, that is, Plaintiff and/or prosecuting, criminally, that is, case no. CF-2015-8730, Oklahoma County District Court, State of Oklahoma, namely, as follows:

1. Defendant Assistant B. Brown accepted, at face value, the fruits of Del City Fire Department's poisonous investigation, even, knowingly;

2. Defendant Assistant B. Brown never formally interviewed and/or took sworn testimony from Donna Spegal (except PH exam), Tracey Crall, Easton Gibbs and/or Patience Vaughn, gpc prior to January 29, 2016, and/or thereafter;

*See also, paragraph 6th Amend. right to trial, last page, infra.

14

3. Defendant Assistant B. Brown knew prior to January 29, 2016, that evidence existed showing & proving that Donna Spegal was accused by Plaintiff, and another person, approximately two (2) weeks prior to her contacting Defendants Keester & Williams to report information against Plaintiff, taking place in Midwest City, OK, of brandishing a loaded firearm, aiming at Plaintiff and/or threatening his very life over a verbal disagreement;

4. Defendant Assistant B. Brown advised, even, directed, Defendants Keester & Williams to procure another statement from Tracey Crall, interviewing her a second (2nd) time, with the assistance of Donna Spegal, of which Ms. Crall complained, later, undue influence and/or coercion, supra, CLAIM 3 (4). Moreover Ms. Crall from the beginning had been a very, very reluctant, even, hostile, witness for the prosecution, often making contradictory, and/or inconsistent, statements to local law enforcement agencies and via recorded telephonic conversations between herself and Plaintiff during his pre-trial detention in the Oklahoma County Detention Center, State of Oklahoma, of which said Defendant was fully aware;

5.   Defendant Assistant B. Brown, despite
witnesses refusing to cooperate, appearing under
the influence of controlled dangerous substances
and not appearing, Easton Gibbs, Tracey Crall
and Patience Vaughn, respectively, and/or, too,
witnesses admitting under oath to rights
violations and (possibly) having an axe to grind,
Defendant Keester and Donna Spegal, respectively,
prosecuted Plaintiff and survived preliminary
examination by a preliminary magistrate, Honorable
Ray C. Elliott, District Court, Oklahoma County,
State of Oklahoma, on or about January 29, 2016,
especially, with full knowledge that no evidence
(tangible) existed placing Plaintiff at the alleged
crime scene at the time in question, and/or that
connected him to said so-called crime; and

6)   Defendant Assistant Robinett relieved Defendant
Brown of his duties regarding said case and assumed
said duties, with actual and/or constructive knowledge
of the foregoing claims and/or facts, even, *obtaining
trial date continuance under false pretenses, namely,
to further seek compliance or cooperation from
Google, Inc., but, actually, seeking compliance and/or
cooperation from Easton Gibbs and/or Patience Vaughn.
* See also, paragraph 6th Amend. right to trial, last page, infra.

16

Liability, culpability and/or responsibility attach or extend to Defendant Prater, if not directing or consenting to his subordinates' actions and/or omissions, who should have known or diligently overseen, yet failed, said Defendants, and/or to Oklahoma County, Inc., State of Oklahoma, its county commissioners and office of District Attorney, for failing to properly and/or adequately train Defendants Prater, Assistant Brown and/or Assistant Robinett, and/or diligently oversee them, as well, grossly and egregiously, with deliberate indifference.

Docket Sheet, CF-2015-8730, supra; Information, CF-2015-8730, supra; Defendant Keester's sworn testimony, CF-2015-8730, supra; 911 Tape & Reports by first (1st) responders, CF-2015-8730; Telephonic records and/or recordings, CF-2015-8730, supra; and Audio/Video Visitation records and/or recordings, CF-2015-8730, supra; Donna Spegal's sworn testimony and/or police reports, MWC, OK 73110, CF-2015-8730, supra.

Court must rule in favor of Plaintiff and enter judgment against Defendants Nos. 10-17 in the form of declaratory relief and award damages in the amount of forty (40) million dollars, compensatory,

nominal and/or punitive. Upon release from detention shortly after the October 28, 2016, dismissal at the State's request, CF-2015-8730, supra, Plaintiff sought the return of his cellphone by the Office of District Attorney, Okla. Co., and Major Williams multiple occasions, yet to no avail. Harm, see above CLAIMS I, II & III.

Also, Defendants Nos. 10-17 are accountable, each and every, jointly and severally for CLAIM 4.

Part III

Defendants, contd.:

(18) Office of Oklahoma County Public Defender
(19) Oklahoma County Public Defender Robert A. Ravitz
(20) Oklahoma Co. Assistant P.D. Kimberly Miller
     Note: "And/or predecessor(s)" applies to Defendants
           Nos. 19 & 20.

Parties to Current Lawsuit, contd.:

19. Defendant No. 18 Office of Public Defender, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

Parties to Current Lawsuit, Part III, contd.:

20. Defendant No. 19 **Robert A. Ravitz**, Public Defender, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

21. Defendant No. 20 Assistant Kimberly Miller, Public Defender, Okla. Co., OKC, OK 73102, sued in both official & individual capacities.

## Claims, contd.

5. CLAIM 5: Plaintiff's *US Constitutional right to effective assistance of counsel was violated, grossly and egregiously, with deliberate indifference, even, maliciously, when Defendant Assistant Miller, at the direction and/or with the consent of her superior, Oklahoma County Public Defender Bob A. Ravitz, State of Oklahoma, failed, even, refused/refrained, ~~on the~~ ᵇʸ filing any writ, application, motion, petition, etc., attacking investigation by DCFD, arrest by DCFD and continued detention by Okla. Co., Inc., and/or Office of DA, Okla. Co., and **challenging** the legality and/or constitutionality ~~thereof~~, especially, after discovering and/or being apprised of the facts asserted herein, * Also, US Constitutional right to due process by a state actor.

79

<u>supra</u>. Furthermore, Defendant Assistant Miller failed, even, refused/refrained, moving to lower Plaintiff's bail, which was originally set at two hundred thousand dollars ($200,000.00) for one (1) charge, Arson in the First, ten thousand dollars ($10,000.00), even, after repeated requests by Plaintiff and/or Defendant Assistant * Robinett "dropped" the second (2ⁿᵈ) page, Information, in order to make a suspended sentence recommendation days before October 28, 2016, eliminating the so-called cause for such a high, unreasonable bail setting. Moreover, Defendant Assistant Miller colluded, or was "in cahoots," with Defendant Assistant Robinett, when she did not prepare for, ~~and~~ and/or file any of the requisite, or perfunctory, documents needed to start, trial to accommodate Defendant Robinett's design to fraudulently postpone proceedings for CF-2015-8730, <u>supra</u>, needless to say, against her client's intrests. Lastly, Defendant Assistant Miller, upon inquiry, after final order dismissing said case, advised that Plaintiff should not file any kind of lawsuit, because "the DA's office could re-file" said case, that is, retaliation ~~against~~.

    Liability, culpability and/or responsibility attach
or extend to Defendant Ravitz, if not directing
* ie, waiver of prohibition (if not, de jure, de facto).

or Consenting to his subordinates actions and/or
omissons, who should have known or diligently
overseen said Defendant, yet failed, and/or to
Oklahoma County, Inc., State of Oklahoma, its
county commissioners and office of public defender,
for failing to properly and adequately train
Defendants Ravitz and/or Assistant Miller, and/or
diligently oversee them, as well, grossly and
egregiously, with deliberate indifference.

Docket sheet, CF-2015-8730, supra.

Court must rule in favor of Plaintiff and
enter judgment against Defendants Nos. 10-13 & 18-20
in the form of decalatory relief and award damages
in the amount of twenty (20) million dollars
dollars, compensatory, nominal and/or punitive.

Also, Plaintiff's US Constitutional right to
trial by jury was violated, grossly and egregiously,
with Deliberate indifference, even, maliciously,
when Defendants Robinett & Miller, in tandem, closely,
obtained continuance of trial date under false
pretenses. CLAIMS 4 & 5, respectively, "fast & speedy," too.

Plus, Defendants Nos. 10-13 & 18-20 are accountable,
each and every, jointly and severally for CLAIM 5.