IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID ANTHONY CIEMPA,                )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )   Case No. CIV-18-00955-PRW
                                     )
JEFF KEESTER, in his individual capacity, )
and ZION WILLIAMS, in his individual )
capacity,                            )
                                     )
                    Defendants.      )

## ORDER

On August 27, 2019, the remaining Defendants, Zion Williams and Jeff Keester, filed a Motion for Summary Judgment and Supporting Brief (Dkt. 74), seeking summary judgment on the basis of qualified immunity. The matter has been fully brief since September 17th, when Defendants filed a Reply in Support of Their Motion for Summary Judgment (Dkt. 83).

On September 27th, Defendants filed a Motion to Stay Pending Resolution of Their Qualified Immunity Defense and Brief in Support (Dkt. 84), asking the Court to stay or strike all pending deadlines set forth in the Court's July 2, 2019 Scheduling Order (Dkt. 61) until after resolution of their Motion for Summary Judgment (Dkt. 74). Defendants were not able to state whether Plaintiff opposes the requested stay because he remains

difficult to locate.[1] Under LCvR 7.1(g), the Plaintiff has until October 18th to file his response to the Defendant's motion for a stay. But the parties' deadline for filing final pretrial submissions (i.e., the Final Pretrial Report, motions in limine, deposition designations, requested voir dire, proposed jury instructions and verdict forms, and trial briefs) is coming up on October 17th, one day before the Plaintiff's response is due.

Rule 16(b)(4) permits the modification of the deadlines set forth in the Scheduling Order (Dkt. 61) "only for good cause and with the judge's consent."[2]

The Court finds that good cause exists to grant the requested stay. Defendants argue that qualified immunity is supposed to protect officials "from having to bear the burdens associated with litigation" and that "qualified immunity 'is effectively lost if a case is erroneously permitted to go to trial.'"[3] The Court agrees with Defendants' arguments.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Pending Resolution of Their Qualified Immunity Defense and Brief in Support (Dkt. 84) is **GRANTED**. Accordingly, the trial set on the Court's November 2019 trial docket and all deadlines in the July 2, 2019 Scheduling Order (Dkt. 61) that were still pending as of September 27th are **STRICKEN**. If it is necessary to reset the deadlines and the trial after

---

[1] *See* Defs.' Mot. to Stay Pending Resolution of Their Qualified Immunity Defense (Dkt. 84) at 6.

[2] Fed. R. Civ. P. 16(b)(4).

[3] Defs.' Mot. to Stay Pending Resolution of Their Qualified Immunity Defense (Dkt. 84) at 3–4 (quoting *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016), and citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009); *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001); *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992))

this Court issues a ruling on Defendants' Motion for Summary Judgment and Supporting Brief (Dkt. 74), the Court will do so by separate order.

**IT IS SO ORDERED this 11th day of October, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE