## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID ANTHONY CIEMPA,       )
                                    )
      Plaintiff,            )
                                    )
v.                               )       Case No. CIV-18-00955-PRW
                                    )
JEFF KEESTER, in his individual capacity, )
and ZION WILLIAMS, in his individual   )
capacity,                         )
                                    )
      Defendants.         )

## MEMORANDUM OPINION AND ORDER

Before the Court are competing motions for summary judgment. Plaintiff, David Anthony Ciempa, has moved for summary judgment on his 42 U.S.C. § 1983 claim against Defendants Zion Williams and Jeff Keester, in their individual capacities, which is the only claim remaining in the case. Williams and Keester have responded to that motion and countered with a summary judgment motion of their own. For the reasons given below, Defendants' motion is GRANTED, while Plaintiff's motion is DENIED.

## I.
## Material Facts

The rules of this Court require the brief in opposition to a motion for summary judgment to include "a section responding, by correspondingly numbered paragraph, to the facts that the movant contends are not in dispute and shall state any fact that is disputed."[1]

---

[1] *See* LCvR 56.1(c).

If the responding party fails to do so, the Court may deem admitted all material facts set forth in the statement of material facts for the purpose of summary judgment.[2] In his response to Williams and Keester's summary judgment, Ciempa failed to comply with this rule. His pro se status does not excuse this failure, but because he also moved for summary judgment and provided a statement of material facts as part of his motion, the Court has largely been able to piece together which facts Ciempa has disputed with supporting evidence, and which he has not.

The material, undisputed facts are as follows. On November 15, 2015, a fire erupted at a house located at 4717 Elmview Drive in Del City, Oklahoma. Someone called 911 to report the fire, but when first responders arrived on scene, the house was unoccupied. Del City's fire marshal, Defendant Jeff Keester, was called to the house to investigate the fire. Defendant Zion Williams, a major in the Del City Fire Department, assisted with the investigation. The investigation determined that Easton Gibbs and Patience Vaughn were in the house when the fire broke out, but fled the residence before first responders arrived because they each had outstanding warrants for their arrest. Based upon information provided by Gibbs, the investigators suspected that the fire originated in the southeast bedroom of the house, and may have started from an object thrown through a window in that room. A subsequent examination of that portion of the house revealed the remnants of a glass bottle with burned cloth inside it, which the investigators suspected was a "Molotov cocktail" that may have been the source of the fire. An evaluation of the bottle by the

---

[2] *See* LCvR 56.1(e).

Oklahoma State Bureau of Investigation found no ignitable liquids, but noted that any such liquids could have evaporated or been consumed by the fire.

Gibbs also informed Williams that he had been threatened by David Ciempa. The investigators then spoke to Donna Spegal, the maternal grandmother of Ciempa's oldest child. Spegal told the investigators that Ciempa had confessed to throwing the Molotov cocktail through the window of the house, saying he had "burned Easton [Gibbs] out." Based on this information, an arrest warrant affidavit was presented to a state court judge, who, after hearing testimony from Keester and Donna Spegal, issued an arrest warrant for the crime of arson in the first degree. Ciempa was subsequently arrested on November 24, 2015. At the time of the arrest he had significant burns on his left hand.

The case against Ciempa was dismissed on October 28, 2016 due to uncooperative victims and witnesses.

## II.
## Litigation History

Ciempa filed this lawsuit on September 28, 2018, alleging various constitutional violations arising from his criminal prosecution, against the City of Del City, its mayor Brian E. Linley, the Del City Fire Department, Del City Council Members Michael Dean, Pam Finch, Ken Bartlett, and Floyd Eason, Del City Fire Department Chief Jeff Keester, Del City Fire Department Major Zion Williams, Oklahoma County, Oklahoma County Commissioners Willa Johnson, Brain Maughan, Ray Vaughn, the Office of the District Attorney of Oklahoma County, Oklahoma County District Attorney David Prater, Oklahoma County Assistant District Attorneys Barrett Brown Sara Daly Robinett, the

Oklahoma County Office of the Public Defender, and Oklahoma County Public Defender Robert Ravitz, and Oklahoma County Assistant Public Defender Kimberly Miller.

After numerous defendants filed motions to dismiss, the Court granted all of the motions save one, Defendants Zion Williams and Jeff Keester's motion to dismiss. That motion was granted in part and denied in part, with the Court allowing Plaintiff's § 1983 claims for malicious prosecution arising out of their allegedly wrongful procurement of an arrest warrant to proceed. The Court allowed Plaintiff additional time to serve other defendants, but service on those with defendants was never accomplished and they were dismissed by operation of the Court's order. As a result, only the  § 1983 claim for malicious prosecution against Williams and Keester remains.

Ciempa moved for summary judgment.[3] Williams and Keester countered with a motion to dismiss for lack of prosecution and sanctions, alleging that Ciempa was refusing to appear for deposition.[4] Ciempa subsequently appeared for deposition, and the motion to dismiss on those grounds was denied.[5] Because of the delay, Williams and Keester were allowed more time to respond to Ciempa's motion for summary judgment,[6] which they did.[7]

---

[3] Pl.'s Mot. Summ. J. (Dkt. 62).

[4] Mot. of Defs. Zion Williams & Jeff Keester for Dismissal of Action Because of Pl.'s Failure to Prosecute & Supporting Br. & Alternative Mot. for Sanctions (Dkt. 64).

[5] Order (Dkt. 67).

[6] *Id.*

[7] Defs. Zion Williams & Jeff Keester's Resp. to Pl.'s Mot. Summ. J (Dkt. 75).

Williams and Keester have now countered with a motion for summary judgment of their own, arguing that the undisputed, material facts demonstrate that they are immune from suit under the doctrine of qualified immunity. Plaintiff responds with a recitation of facts that he claims proves otherwise. The parties appear to agree on what facts Plaintiff must establish to prevail; the question is whether the undisputed facts entitle either side to judgment as a matter of law.

### III.
### Analysis

When a defendant claims qualified immunity on summary judgment, the plaintiff bears the burden to show "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so (2) that the right was clearly established at the time of the defendant's unlawful conduct."[8]  If the plaintiff fails to prove either, the defendant is entitled to qualified immunity.[9]  But "[i]f the plaintiff indeed demonstrates that the [defendant] violated a clearly established constitutional or statutory right, then the burden shifts back to the defendant, who must prove that 'no genuine issues of material fact' exist and that the defendant 'is entitled to judgment as a matter of law.'"[10]

To establish a constitutional violation, Ciempa must assert facts meeting the elements of a § 1983 malicious prosecution claim, which are that (1) Williams and Keester caused his continued confinement or prosecution; (2) the original criminal action

---

[8] *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013).

[9] *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

[10] *Id.* (quoting *Gross v. Pirtle,* 245 F.3d 1151, 1156 (10th Cir. 2001)).

terminated in his favor; (3) no probable cause supported his arrest, continued confinement or prosecution; (4) Williams and Keester acted with malice; and (5) he suffered damages.[11] Williams and Keester argue that the undisputed facts demonstrate that Ciempa has failed to establish each of these elements, but the Court focuses on their claim that Ciempa has failed to establish that his arrest was not supported by probable cause, that Williams and Keester acted with malice, and that the original criminal action terminated in Ciempa's favor.

Beginning with the last, "[t]he plaintiff has the burden of proving a favorable termination."[12] Ciempa merely asserts that the action terminated favorably because the prosecutor dropped the case. But a "bare nolle prosse without more is not indicative of innocence."[13] The "dispositive inquiry is whether the failure to proceed implies a lack of reasonable grounds for the prosecution."[14] Relying on these authorities, the Tenth Circuit has directed that the court "look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence."[15]Thus, only if the circumstances of the dismissal indicate Ciempa's actual innocence can the termination be considered favorable.

---

[11] *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

[12] *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997).

[13] *Id.* at 558.

[14] *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) (internal quotations and brackets omitted).

[15] *Wilkins*, 528 F.3d at 803.

Ciempa has failed to meet his burden of proving a favorable termination of the criminal case. He relies solely on the fact of dismissal, but the law is clear that the mere fact of dismissal is not enough. Ciempa must go further and demonstrate that the circumstances of the dismissal indicate his actual innocence of the crime charged. Moreover, Williams and Keester have provided evidence that the dismissal was due to the refusal of the victims of the crime to continue cooperating with the prosecution, and that those victims had previously told investigators that they were "terrified" of Ciempa.[16] These uncontroverted facts speak to both the "stated reason for the dismissal" and the "circumstances surrounding it," and suggest that the dismissal had little to do with innocence. Thus, not only has Ciempa failed to point to any evidence demonstrating that the dismissal indicated his innocence, the uncontroverted evidence provided by Williams and Keester suggests that the dismissal was due to factors other than innocence. Williams and Keester are thus entitled to summary judgment on Ciempa's malicious prosecution claim due to Ciempa's failure to meet his burden on this element of his claim.

Ciempa also fails to establish that his arrest was not supported by probable cause. "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime."[17] Here, it is undisputed that a judicial officer concluded that probable cause existed to arrest Ciempa. The question is whether Williams and Keester "knowingly or recklessly"

---

[16] Defs. Zion Williams & Jeff Keester's Resp. to Pl.'s Mot. Summ. J. (Dkt. 75) at 29–30.

[17] *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996).

relied on false information in seeking the arrest warrant, and if so, whether probable cause existed without the false information.[18] Ciempa claims that probable cause was lacking because Donna Spegal and Easton Gibbs—alleged victims of his crime—were "unreliable" witnesses and that Williams and Keester should have known as much. Ciempa also claims that certain physical evidence—namely the remnants of the alleged Molotov cocktail— was "reasonably unreliable."[19]

In support of his first claim, Ciempa argues that Williams and Keester (1) failed to interview him and get his side of the story and (2) were "unaware" that Ciempa and a relative had filed a complaint with the Midwest City Police Department alleging that Donna Spegal had pointed a firearm at him.[20] Ciempa fails, however, in both his motion and his response to Williams and Keester's motion, to put forward any facts that if taken as true would demonstrate that the arrest warrant affidavit contained false information.[21] Ciempa alleges that Spegal and Gibbs were "unreliable" witnesses, but he does not—and perhaps cannot—point to any statement attributed to those two witnesses that is false.

With respect to his second claim, Ciempa alleges that the evidence of a Molotov cocktail was also "unreliable," but he likewise does not proffer any evidence demonstrating

---

[18] *See Sanchez v. Hartley*, 810 F.3d 750, 754 (10th Cir. 2016) ("[T]he Fourth Amendment prohibits officers from knowingly or recklessly relying on false information to institute legal process when that process results in an unreasonable seizure." (citing *Pierce v. Gilchrist*, 359 F.3d 1279 (10th Cir. 2004))).

[19] Pl.'s Mem. in Opp'n to Defs. Zion Williams & Jeff Keester's Mot. Summ. J. (Dkt. 81) at 8.

[20] Pl.'s Mem. of Points & Authorities in Supp. of Pl.'s Mot. Summ. J. (Dkt. 63) at 4.

[21] Defs. Zion Williams & Jeff Keester's Resp. to Pl.'s Mot. Summ. J. (Dkt. 75) at 16.

the falsity of anything relating to the Molotov cocktail that was contained in the arrest warrant affidavit. Defendants intuit that his claim relates to the arrest warrant affidavit's reference to an "unknown" accelerant, and the subsequent laboratory analysis that failed to identify any accelerant. But as Defendants explain, the laboratory report was not available to them until months after the arrest, and in any event, the report states that the failure to identify a particular accelerant does not rule out the existence of an accelerant that may have burned off in the fire. Thus, even taking as true all material facts alleged by Ciempa in his motion for summary judgment, and giving his undeveloped arguments every benefit of the doubt, the facts contained in the arrest warrant affidavit relating to the Molotov cocktail were not untrue, and provided probable cause that Ciempa had committed a crime.

For many of the same reasons, Ciempa also fails to establish that Williams and Keester acted with malice. To establish malice, Ciempa must make a substantial showing of "deliberate falsehood or reckless disregard for the truth" by Williams and Keester in presenting evidence to the judge when obtaining an arrest warrant.[22] But Ciempa fails to produce any evidence that any evidence Williams and Keester presented to the judge in obtaining an arrest warrant was *actually* false, much less that Williams and Keester knowingly or recklessly presented false evidence to the judge. Again, Defendants posit that Ciempa believes that Williams and Keester failed to disclose that Williams had past interactions with Donna Spegal and that Williams and Keester knew about the complaint Ciempa had filed against Spegal, but Defendants correctly point out that Ciempa fails to

---

[22] *Snell v. Tunnell*, 920 F.2d 673, 698 (10th Cir. 1990).

explain how the first fact undermines Spegal's credibility and that Ciempa offers no evidence supporting his claim that Williams and Keester were aware at the relevant time of the criminal complaint against Spegal. And again, Ciempa has failed to present evidence that if taken as true would establish that *anything* contained in the arrest warrant affidavit was *actually* false. Because he fails in that regard, his claim of malice must also fail.

For all these reasons, Ciempa has failed to meet his burden of coming forward with evidence that would support the elements of a malicious prosecution claim. The scant evidence he provides, when taken as true, fails to support the three elements of his claim that are addressed above.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 62) is **DENIED**, while Defendants Zion Williams and Jeff Keester's Motion for Summary Judgment (Dkt. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion of Defendants Zion Williams and Jeff Keester for Dismissal of Action Because of Plaintiff's Failure to Prosecute and Alternative Motion for Sanctions (Dkt. 64) is **DENIED**. Defendants' request for dismissal pursuant to either Rule 41(b) or Rule 37(d) is now moot, and the Court exercises its discretion to deny any other sanction under Rule 37(d).

**IT IS SO ORDERED this 20th day of October, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE